IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JASMINE JAFFERALI, ) | FILED: SEPTEMBER 3, 2008 |
| ) | 08CV5003 |
| Plaintiff, ) | JUDGE COAR |
| ) | MAGISTRATE JUDGE VALDEZ |
| v. ) | |
| ) | PH |
| CREDIT BUREAU U.S.A., INC. ) | |
| d/b/a C.B. U.S.A., INC., ) | |
| ) | JURY TRIAL DEMANDED |
| Defendant. ) | |

## COMPLAINT

### INTRODUCTION

1. Plaintiff, Jasmine Jafferali ("Plaintiff"), brings this action to secure redress against unlawful credit and collection practices engaged in by Defendant Credit Bureau U.S.A., Inc. d/b/a C.B. U.S.A., Inc. ("Credit Bureau"). Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 – 1692o ("FDCPA") based on Credit Bureau's failure to cease its collection efforts after Credit Bureau had knowledge that Plaintiff was represented by an attorney in regard to the debt and for its use of name not its own in an attempt to collect a debt.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k (FDCPA).

3. Venue and personal jurisdiction over Credit Bureau in this District is proper because:

   a. Plaintiff resides in the District;

   b. Credit Bureau transacts business in the District; and

    c. Credit Bureau's communications via the US Mails and telephone lines were directed to Plaintiff within the District;

## PARTIES

4. Plaintiff is an individual who resides in Cook County, Illinois that is located within the District.

5. Credit Bureau is an Indiana corporation with its principal place of business located at 5252 S. Hohman Ave., Hammond, Indiana 46320. Credit Bureau's agent and his address in the State of Illinois is Randall R. Patchak, 18227 Harwood Ave., Homewood, Illinois 60430.

## FACTS

6. Credit Bureau in a letter dated June 22, 2008, attempted to collect a debt from Plaintiff purportedly incurred for personal or family purposes. A redacted copy of the letter is attached hereto as <u>Exhibit 1</u>.

7. Credit Bureau uses the abbreviation "C.B. U.S.A., Inc."

8. Credit Bureau uses the address Muenich Court and Hohman Ave, PO BOX 8000, Hammond, IN 46325-8000.

9. Credit Bureau's fax number is (219) 932-5555.

10. <u>Exhibit 1</u> is a form letter sent to consumers with Illinois and Indiana addresses.

11. On July 28, 2008, Credit Bureau received by fax a letter dated July 28, 2008, from a licensed Illinois attorney advising Credit Bureau of the attorney's representation of Plaintiff in regard to the debt Credit Bureau was attempting to collect on.

12. On July 31, 2008, Credit Bureau received by Certified US Mail a letter dated July 28, 2008, from a licensed Illinois attorney advising Credit Bureau of the attorney's representation of Plaintiff in regard to the debt Credit Bureau was attempting to collect on.

13. The attorney letter dated July 28, 2008, disputed the debt that Credit Bureau was attempting to collect on.

14. Prior to August 21, 2008, Credit Bureau did not correspond with the Illinois attorney that advised Credit Bureau of the attorney's representation of Plaintiff in regard to the debt Credit Bureau was attempting to collect on.

15. On August 21, 2008, Credit Bureau contacted Plaintiff via telephone leaving her a voice message (the "voice message").

16. The voice message instructed Plaintiff to call (219) 852-4350.

17. The phone number (219) 852-4350 is used by Credit Bureau to communicate with consumers in an attempt to collect a debt.

18. Credit Bureau's voice message did not identify that the caller was calling for Credit Bureau or any company.

19. Credit Bureau's voice message did not disclose that he was attempting to collect a debt.

20. Credit Bureau's voice message stated in part, "I need a return call from you today."

21. The voice message for the telephone number (219) 852-4350 states in part, "You've reached the daytime office of Credit Bureau USA. . . ."

## COUNT I
## FDCPA § 1692c(a)(2) VIOLATION

22. Plaintiff incorporates paragraphs 1-21 above.

3

23. Section 1692c, Communications in connection with debt collection, in pertinent part, provides:

> (a) COMMUNICATION WITH THE CONSUMER GENERALLY. Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt –
>
> * * *
>
> (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; 15 U.S.C. §§ 1692c(a), (a)(2) (emphasis added).

24. An attorney representing Plaintiff in regard to the debt alleged in <u>Exhibit 1</u> gave notice to Credit Bureau of his representation of Plaintiff.

25. With knowledge that Plaintiff was represented by an attorney in regard to the debt Credit Bureau was collecting upon, Credit Bureau contacted Plaintiff.

26. Credit Bureau violated 15 U.S.C. § 1692c(a).

## COUNT II
## FDCPA §§ 1692e, e(14) VIOLATIONS

27. Plaintiff incorporates paragraphs 1-21 above.

28. 15 U.S.C § 1692e, in pertinent part, provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> * * *
>
> (14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization. . . .

4

29. Credit Bureau's use of the abbreviation C.B. U.S.A. Inc. in <u>Exhibit 1</u> without any reference to Credit Bureau U.S.A., Inc. violates the FDCPA.

30. It would violate the FDCPA if Credit Bureau used the name Credit Bureau U.S.A. Inc. in an attempt to collect a debt.  FTC Staff Opinion Letter, Fitzpatrick-Isgrigg, (Nov. 10, 1992).

31. If sufficient net worth exists to support class certification, Plaintiff preserves the right to amend the Complaint adding class allegations under Count II and places Credit Bureau and potential putative class members on notice that the class' claims shall relate back to the date of the original filing of this Complaint.  *See generally Sokolski v. TransUnion Corp.*, 178 F.R.D. 393 (E.D.N.Y. 1998); *Navarro v Eskanos & Adler,* No. C 06-02231 WHA, 2006 U.S. Dist. LEXIS 90880 * 9 – 10 (N.D. Cal. Dec. 7, 2006).

32. Credit Bureau violated 15 U.S.C. §§ 1692e and e(14).

## COUNT III
## FDCPA § 1692d(6) VIOLATION

33. Plaintiff incorporates paragraphs 1-21 above.

34. 15 U.S.C. §1692d(6) provides:

> (6) Except as provided in section 804, the placement of telephone calls without meaningful disclosure of the caller's identity.

35. Credit Bureau's voice message to Plaintiff did not make a meaningful disclosure of the caller's identity.

36. It is impossible to determine the identity of entity that left the voice message solely by the content of the voice message.

5

## COUNT IV
## FDCPA § 1692e(11) VIOLATION

37. Plaintiff incorporates paragraphs 1-21 above.

38. 15 U.S.C. §1692e(11) provides:

   (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

39. Credit Bureau's voice message failed to "disclose in subsequent communications that the communication is from a debt collector."

**WHERFORE**, Plaintiff requests this Honorable Court to enter judgment in favor of Plaintiff and against Credit Bureau for:

   (1) Statutory damages;

   (2) Attorney's fees, litigation expenses and costs of suit; and

   (3) Such other relief as the Court deems proper.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 737
Chicago, Illinois 60601
(312) 238-9820 (TEL)

## JURY DEMAND

Plaintiff demands a trial by jury.

```
08CV5003
JUDGE COAR
MAGISTRATE JUDGE VALDEZ

PH
```

# EXHIBIT 1

Muenich Court and Hohman Ave
PO BOX 8000
Hammond IN 46325-8000
RETURN SERVICE REQUESTED

# C.B. U.S.A. INC.
(219) 852-4350 • (888) 276-4361
Fax: (219) 932-5555

July 22, 2008

Balance: $136.80
Account: 886727

886727 - 001 - 114
Jasmine Jafferali
REDACTED

C.B. U.S.A., Inc.
Muenich Court and Hohman Ave
PO BOX 8000
Hammond IN 46325-8000

*** Please detach and return with your payment ***

Re: PEDIATRIC CENTER OF CHICAGO
Balance: $136.80
Account: 886727

Dear Jasmine Jafferali:

The above-referenced matter was referred to us to collect the total amount of $136.80 which is due as of the date of this letter.

Send or bring your payment to:　　C.B. U.S.A., Inc.
　　　　　　　　　　　　　　　　Muenich Court and Hohman Ave
　　　　　　　　　　　　　　　　PO BOX 8000
　　　　　　　　　　　　　　　　Hammond IN 46325-8000

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Sincerely,

Verification Office

This communication is from a debt collector.

If this indebtedness has been discharged through bankruptcy, you have received this notice in error because we were not aware of the discharge. You are **not** liable to pay any debt that has been discharged by a bankruptcy filing. Please provide us with your bankruptcy petition case number or your bankruptcy attorney's name, address and phone number.

This is an attempt to collect a debt, and any information obtained will be used for that purpose.

IF YOU WISH TO PAY BY VISA, MASTERCARD, AMERICAN EXPRESS, OR DISCOVER (CIRCLE ONE) FILL IN THE INFORMATION BELOW AND RETURN THE ENTIRE LETTER TO US.

   

$ _____　　　／

Account Number　　　　　　Payment Amount　　　　　Expire Date

Card Holder Name　　　　　　　　　　　　　　　　Signature of Card Holder



Member of Better Business Bureau